# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON JAMES WALKWEK,<br><br>  Petitioner,<br><br>  v.<br><br>ROBERT FOX, *Warden*,<br><br>  Respondent. | Case No. LA CV 17-0370 JVS (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed: (1) the Petition; (2) the Magistrate Judge's Report and Recommendation ("R&R"); (3) Petitioner's Objections to the R&R ("Objections"); and (3) the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate arguments made in the Petition, and lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief consideration.

In his objections, Petitioner claims that "the residual clause found at [California] Penal Code § 189 is just as vague and standardless" as the residual clause of the Armed Career Criminal Act, which the United States Supreme Court held was unconstitutionally vague in *Johnson v. U.S.*, 135 S. Ct. 2551 (2015). [Dkt. No. 7 at 2.]

Specifically, Petitioner argues that the residual clause in California Penal Code § 189 (§ 189) "describes no prohibited conduct that it punishes as first degree murder" and is therefore similar to residual clause held unconstitutional in *Johnson*. [*Id.* at 3.]

Although California Penal Code § 189 ("§ 189") may contain a residual clause,[1] *Johnson* does not render all such clauses unconstitutionally vague. In fact, other residual clauses that are even more similar to the one contained in the Armed Career Criminal Act ("ACCA")[2] — like California's definition of a second-degree felony-murder (*i.e.*, unlawful killing in the course of the commission of a felony that is "inherently dangerous to human life") — are unaffected by *Johnson*. *See Renteria v. Asunsion,* 2016 WL 7336558, at *3 (C.D. Cal. Dec. 16, 2016). As the district court in *Renteria* noted: "Although a superficial similarity may exist between the phrases 'a serious potential risk of physical injury' and an act 'inherently dangerous to human life,' the *Johnson* Court did not rest its ruling solely on the lack of precision of the words 'a serious potential risk of physical injury.'" *Id.*

Instead, "the [*Johnson*] Court found that a number of factors, acting in combination, rendered the residual clause constitutionally infirm," and the *Johnson* decision itself was "narrow and based on the confluence of nine years of difficulty interpreting the provision, the remaining language of the statute, and the language of the residual clause itself." *Id.* (citing *Johnson*, 135 S. Ct. at 2560).

In light of the above, Petitioner is unable to show how the referenced language in § 189 is unconstitutionally vague. *See Renteria*, 2016 WL 7336558, at *3; *Ortiz v. Castello*, 2016 WL 7471300, at *1 (C.D. Cal. Dec. 27, 2016) ("Petitioner does not

---

[1] Petitioner does not specify what the residual clause of §189 is, but does note that ""[p]remeditation and deliberation, as elements of Penal Code § 189's residual clause, does not define what conduct it bars . . . ." (Objections at 4.)

[2] In *Johnson*, the Supreme Court held that the residual clause of the ACCA's definition of "violent felony" (*i.e.*, any felony that "involves conduct that presents a serious potential risk of physical injury to another") was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2555-56, 2563 (citing 18 U.S.C. § 924 (e)(2)(b)).

identify any language in [California's law] that is comparable to the ACCA's residual clause and has not identified any way in which the *Johnson* decision could apply to his ground for relief."); *Birdwell v. California*, 2016 WL 5897780, at *2 (C.D. Cal. Oct. 5, 2016) ("[T]he *Johnson* decision is irrelevant here because Petitioner's state prison sentence was not enhanced under ACCA's 'residual clause' nor was his conviction based on any state analogue of that federal criminal statute.").

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Judgment be entered denying the Petition and dismissing this action with prejudice; and

3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: March 21, 2017

HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE